IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DUNG VAN PHAM                                                    PLAINTIFF

vs.                             Civil No. 2:20-cv-02126

COMMISSIONER, SOCIAL                                            DEFENDANT
SECURITY ADMINISTRATION

## MEMORANDUM OPINION

Dung Van Pham ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision

of the Commissioner of the Social Security Administration ("SSA") denying his applications for

a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income

("SSI") under Title II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all

proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and

conducting all post-judgment proceedings.   ECF No. 5.[1]   Pursuant to this authority, the Court

issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff protectively filed his disability applications on April 13, 2012.  (Tr. 9).  In these

applications, Plaintiff alleges being disabled due to migraines, depression, and back pain.  (Tr.

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___"  The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 13.  These references are to the page number of the transcript itself not the ECF page number.

480).  Plaintiff alleges an onset date of August 13, 2012.  (Tr. 9).  These applications were denied initially and upon reconsideration.  (Tr. 9).

For the current applications, the ALJ held the first administrative hearing in Plaintiff's case on August 6, 2013.  (Tr. 22-67).  After that hearing, on January 31, 2014, the ALJ entered a fully unfavorable decision on his applications.  (Tr. 6-21).  Plaintiff appealed his case to this Court, and this Court reversed and remanded his case for further consideration of his migraine headaches. *See Pham v. SSA,* 2:15-cv-02092 (2016).

The ALJ held an administrative hearing in this case and entered the disability determination currently before the Court.[2]  This administrative hearing was held on June 18, 2019 in Fort Smith, Arkansas.  (Tr. 1034-1068).  At this hearing, Plaintiff and Vocational Expert ("VE") Barbara Hubbard testified. *Id.*  During this hearing, Plaintiff testified he was forty-nine (49) years old, which is defined as a "younger individual" under 20 C.F.R. § 404.1563(c) (2008) and 20 C.F.R. § 416.963(c) (2008), and had a limited education in Vietnam and in the United States.  (Tr. 1044-1045).

On March 30, 2020, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's applications.  (Tr. 1011-1024).  The ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2017.  (Tr. 1014, Finding 1).  The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since August

---

[2]     Subsequent to that remand, the ALJ held a second administrative hearing on November 15, 2016. (Tr. 840-866).  The ALJ then entered an unfavorable decision on March 6, 2017.  (Tr. 823-839).  It appears the case was then remanded again for this third hearing and third administrative decision to be considered by a new ALJ.  (Tr. 1094-1099).  This is the administrative decision currently before the Court with this appeal.

2

5, 2010, his alleged disability onset date.  (Tr. 1014, Finding 2).  The ALJ determined Plaintiff had

the following severe impairments: degenerative disc disease of the lumbar spine, migraines, and

hypertension.  (Tr. 1014-1016, Finding 3).  Despite being severe, the ALJ also determined Plaintiff

did not have an impairment or combination of impairments that met or medically equaled one of

the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. 1016, Finding 4).

In his decision, the ALJ evaluated Plaintiff's subjective complaints and determined his

Residual Functional Capacity ("RFC").  (Tr. 1016-1022, Finding 5).  Specifically, the ALJ found

Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the
> claimant has the residual functional capacity to perform light work as defined in 20
> CFR 404.1567(b) and 416.967(b) except the claimant cannot climb ladders, ropes
> or scaffolds, must avoid concentrated exposure to temperature extremes, must
> avoid concentrated exposure to noise (i.e.: no jobs with a noise rating hiring than 3
> per the Dictionary of Occupational Titles (DOT)), must avoid concentrated
> exposure to fumes odors, dusts, gasses, and poor ventilation, and must avoid
> concentrated exposure to hazards including no moving machinery, unprotected
> heights or driving as part of work.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff was unable

to perform any PRW.  (Tr. 1023, Finding 6).  The ALJ then considered whether Plaintiff retained

the capacity to perform other work existing in significant numbers in the national economy.  (Tr.

1023-1024, Finding 10).  The VE also testified at the administrative hearing regarding this issue.

*Id.*  Considering his RFC, age, education, and work experience, the ALJ determined Plaintiff

retained the capacity to perform the following occupations existing in significant numbers in the

national economy: (1) cashier II (light, unskilled) with approximately 876,000 such jobs in the

national economy; (2) marking clerk (light, unskilled) with approximately 311,000 such jobs in

the national economy; (3) document preparer (sedentary, unskilled) with approximately 46,000 such jobs in the national economy; and (4) addresser (sedentary, unskilled) with approximately 4,600 such jobs in the national economy.  (Tr. 1023-1024).

Because Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from August 5, 2010 through the date of the decision or through March 30, 2020.  (Tr. 1024, Finding 11).

Although the record does not specify, it appears the Appeals Council declined to assume jurisdiction of this case.  On July 24, 2020, Plaintiff filed the present appeal.  ECF No. 1.  The Parties have consented to the jurisdiction of this Court on July 24, 2020.  ECF No. 5.  This case is now ready for decision.

**2.   Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents

the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final

stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.**     **Discussion:**

In his appeal brief, Plaintiff raises three arguments for reversal: (A) the ALJ erred by finding his torn rotator cuff in his right shoulder and his depression were not severe impairments; (B) the ALJ erred in assessing his credibility; and (C) the ALJ erred in assessing his RFC and limitations.  ECF No. 17 at 1-16.  The Court will consider all three of these arguments for reversal.

**A.  Severe Impairments**

Plaintiff argues the ALJ erred in finding his torn rotator cuff and depression were not severe impairments.  ECF No. 18 at 14-17.  Plaintiff claims "the ALJ in the present matter ignored the findings of Dr. Chet Carlson *and* Patricia Walz, Ph.D." in assessing the severity of his impairments. *Id.*  As a part of his briefing, Plaintiff does not provide an explanation as to *how* these impairments meet the standard to qualify as "severe."  ECF No. 17 at 13-14.

In his decision, the ALJ evaluated Plaintiff's alleged severe shoulder impairment as follows:

> The undersigned considered all of the claimant's medically determinable impairments, including those that are not severe, when assessing the claimant's residual functional capacity.  The undersigned finds that the claimant has a nonsevere right shoulder impairment.  The evidence shows the severity of this condition was minimal based on the consultative examination of Dr. Chester Carlson which shows only a 20 degree reduction in right upper extremity forward elevation.  While in prison, the claimant was assigned to outside work duty and performed work such as cutting trees and using a hoe.  When seen for shoulder pain, his condition was assessed as overuse and strain following an exam showing he had full range of motion and strength.  He was given naproxen for pain and instructed to exercise the joint to avoid stiffness.  (Exhibits B29F/20; B30F/11-12, 16-18).  On follow up, his pain was assessed as only mild and responsive to naproxen.  He continued to show full range of motion and strength on exams.  (Exhibits B29F; B29F/7; B30F; B31F/4).  There is also evidence of right shoulder pain after lifting a heavy motor at work in 2008, but the medical record shows minimal treatment from that date until he was seen in 2018 with similar symptoms.

(Exhibit B17F/13). The claimant's right shoulder impairment, considered singly and in combination with his other impairments, is not severe as his condition was found to be mild, he retained almost full motion and strength and his pain was largely controlled with over the counter medications.

(Tr. 1014).

The ALJ also evaluated Plaintiff's alleged severe impairment of depression as follows:

The claimant also has mental medically determinable impairments which are nonsevere: depression and anxiety/panic attacks. The record shows the claimant's mental impairments are situational and, when considered singly and in combination, do no cause more than minimal limitation in the claimant's ability to perform basic mental work activities.

(Tr. 1015). In accordance with this review, and upon review of Plaintiff's records in this case, the Court finds the ALJ's determination regarding these non-severe impairments is supported by substantial evidence and should be affirmed.

## B. Credibility Determination

Plaintiff claims the ALJ erred in assessing his subjective complaints. ECF No. 17 at 14-15. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[1] *See Shultz v. Astrue*, 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain;

---

[1] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

(3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).

As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ's assessment of Plaintiff's credibility is supported by substantial evidence in the record. Specifically, the ALJ considered the fact that the "medical record shows gaps in treatment and many occasions where the claimant did not have symptoms of

low back pain, anxiety and depression." (Tr. 1020). The ALJ also found, "[m]ore recently, he was incarcerated at a state and federal facility, but the records from both of those facilities do not show that the claimant complained of chronic headaches while he was incarcerated and engaged in strenuous work-like activities." (Tr. 1021). The ALJ also noted Plaintiff's "activity level" included "at times . . . working two jobs as a landscaper and mower and working in a chicken plant and having a 'moderately active' lifestyle." *Id.*

Based upon this review and because the ALJ supplied "good cause" for discounting Plaintiff's subjective complaints, the Court finds the ALJ's credibility determination is supported by substantial evidence and should be affirmed. *See Gowell v. Apfel,* 242 F.3d 793, 796 (8th Cir. 2001) (recognizing "[w]e will not disturb the decision of an ALJ who considers, for good cause expressly discredits, a claimant's complaints of disabling pain").

### C. RFC Determination

Plaintiff claims the ALJ erred in assigning little weight to findings of his treating physician, Dr. Danny Silver. ECF No. 17 at 15-16. Upon review, however, the ALJ fully considered Dr. Silver's opinions and emphasized how medication usage alleviated his migraines with Plaintiff himself acknowledging improvement with medication use. (Tr. 599, 605, 608, 1018). The ALJ also underscored some of Dr. Silver's records that stated his headaches were likely secondary to poorly controlled hypertension issues with noncompliance. (Tr. 634, 637, 1018). The ALJ even provided recitation of Dr. Silver's 2013 treatment for Plaintiff with descriptions of medication compliance, headache control, and normal physical examinations. (Tr. 699-700, 707, 714, 1019).

The ALJ also stated he assigned little weight to some of Dr. Silver's findings since those

particular conclusions were not supported by the medical evidence of record, especially the numerous records from Dr. Silver that showed improved headaches with medication compliance. (Tr. 605, 608, 640, 643, 666, 744, 740, 734, 728, 721, 707, 700, 1022).  Thus, while Plaintiff argues the ALJ did not satisfactorily consider and assign proper weight to Dr. Silver's medical findings, the Court finds the ALJ did properly consider his findings, and the ALJ's RFC determination is supported by substantial evidence in the record.

4.    **Conclusion:**

Based on the foregoing, the undersigned finds the ALJ's disability determination is supported by substantial evidence in the record and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 8th day of March 2021.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE